Elicia De Jesus Palacios SANDOVAL;
Gustavo Perez Palacios,
Petitioners,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 05–72086.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 8, 2007 *.

Filed Jan. 30, 2007.

Maziar Razi, Esq., Sherman Oaks, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Joseph Kim, Esq., U.S. Department of Justice Environment & Natural Resources Div., Washington, DC, for Respondent.

Before: ALARCÓN, HALL, and PAEZ, Circuit Judges.

MEMORANDUM **

Elicia de Jesus Palacios Sandoval and her son Gustavo Perez Palacios, natives and citizens of Guatemala, petition for review of the Board of Immigration Appeals' order adopting and affirming an immigration judges' order denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *Ochoa v. Gonzales*, 406 F.3d 1166, 1169 (9th Cir.2005), we deny the petition for review.

Substantial evidence supports the agency's determination that petitioners failed to establish that the alleged violent attacks against various members of their family were motivated by a statutorily protected ground. *See id.* at 1171–72 (inference that persecution was on account of political opinion must be one that is clearly drawn from the facts in evidence). Substantial

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

evidence also supports the agency's determination that petitioners, who did not claim that they were personally harmed or threatened, failed to establish an objectively reasonable basis to fear persecution on account of political opinion. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir.2003) (noting that petitioner's subjectively genuine fear was not objectively reasonable).

Because petitioners failed to establish eligibility for asylum, they necessarily failed to meet the higher burden for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

